Saul Stkeit, J.
This is a motion by defendants to dismiss the complaint for failure to give security for costs pursuant to an order, or in the alternative, for summary judgment. It appears that the security for costs has been furnished, albeit belatedly, and the motion on that ground is denied.
This litigation resulted from an airliner crash on July 2,1963, which airliner was owned by defendant Mohawk and piloted by Richard Dennis.
In August, 1963, the Civil Aeronautics Board held hearings in Rochester, New York, to determine the cau'se of the crash and thé surrounding circumstances. On August 22, 1963, plaintiff, a witness at the hearing, testified that while he, plaintiff, had given Dennis the written satisfactory mark on a check flight, he had orally told top management at Mohawk that Dennis was a hazard and -should be fired. The next day, August 23, 1963, Mr. Benscoter, the executive vice-president of Mohawk, contra- *1036 dieted plaintiff’s testimony and testified that plaintiff had never told top management of Mohawk that Dennis was a hazard and his employment .should be' terminated.
In connection with Benscoter’s testimony, a press release was issued on August 23, 1963, in the morning, by Mohawk, which is annexed as Exhibit A to .the complaint. This press release has been found by the Appellate Division not to be libelous per •se and not actionable except for special damage which plaintiff claims from his failure to obtain employment for one year in the airline industry (Loudin v. Mohawk Airlines, 27 A D 2d 517), a failure alleged by the plaintiff to have been caused by the publication of Exhibit A annexed to the complaint.
The action is one solely for the recovery of alleged special damages which plaintiff claims is the result of either the issuance of the press release (first and second causes of action) or “upon information and belief” .some other false communication by the defendant Mohawk to blacklist plaintiff in the airline industry for one year (.third cause of action).
In his complaint, plaintiff stated that the press release was issued “ during the course of the Civil Aeronautics Board hearing ”. Plaintiff concedes, for the purposes of .the motion, that “the press release, in not exceeding the scope of Benscoter’s testimony, would be ‘ fair and true ’ ”.
Defendant claims absolute privilege. Plaintiff argues, however, that the privilege did not apply because the .report was “ issued before Mohawk’s CAB testimony ” and not by a disinterested person. Plaintiff relies upon the affidavit of Paul Williams, which does not .state that the press release was issued before Mohawk’s CAB testimony. Bather, Mr. Williams says it was issued early in the morning “ to the various newspapers and other media present at the Civil Aeronautics Board hearing The affidavits of the individuals who were there with Mr. Williams show that the press release, although prepared before .the testimony, was not issued until after Mohawk’s .statement had been given. It is consistent with Mr. Williams’ affidavit, which does not state differently, and is consistent with the complaint, which states that the press release was issued “ during, the course of the Civil Aeronautics Board hearing ”. It has been held in this action that testimony and exhibits before the CAB hearing are absolutely privileged (Loudin v. Mohawk Airlines, 4A Misc 2d 926, Mod. 24 A D 2d 447). As such, the press release is to be accorded the absolute privilege afforded words spoken or written in an official proceeding.
*1037 Additionally, it is plaintiff’s burden to show that he suffered special damage as a result of some act or word of defendants. For that special damage, plaintiff has alleged that he was unable to obtain a job in the airline industry for one year. Plaintiff has failed to adequately demonstrate the existence of special damages allegedly sustained by him. On the other hand, defendants have submitted affidavits of every airline plaintiff claims he applied to, all to the effect that they neither heard of publicity concerning the plaintiff nor were they ever contacted by Mohawk. Evidentiary proof in support of plaintiff’s claim for special damages is lacking herein. When properly challenged on ,a motion for summary judgment, plaintiff may not rest solely on his hearsay and conclusory allegations.
As to the third cause of action, defendants have submitted proof by affidavits that no words concerning plaintiff were ever published to any airline in connection with the subject matter at issue. Plaintiff, in his third cause of action, alleges 11 upon information and belief ” that Mohawk uttered certain words to prospective employers. These words are not otherwise identified. Plaintiff has failed to sustain his burden to show that such words were uttered (see Indig v. Finkelstein, 23 N Y 2d 728; Green v. Irwin, 28 A D 2d 971).
Defendants’ motion for summary judgment dismissing the complaint is granted.